99 F.3d 1132
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre Terry HALL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aland Tracy HALL, Defendant-Appellant.
 Nos. 96-4157, 96-4158.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 17, 1996.
Decided Oct. 29, 1996.
 
 Joseph Robert Johnson, Jr., JOSEPH R. JOHNSON & ASSOCIATES, Lynchburg, Virginia; Joseph Abraham Sanzone, JOSEPH A. SANZONE ASSOCIATES, Lynchburg, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Pursuant to written plea agreements, Aland Tracy Hall and Andre Terry Hall pled guilty to conspiracy to possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C.A. § 846 (West Supp.1996). Prior to sentencing, the Defendants each moved for the district court to sentence them under the statute penalizing cocaine offenses, 21 U.S.C.A. § 841(b)(1)(A)(ii) (West Supp.1996), rather than under the statute penalizing cocaine base (crack) offenses, 21 U.S.C.A. § 841(b)(1)(A)(iii) (West Supp.1996). Citing the 1994 Annual Report of the United States Sentencing Commission, they argued that the 100-to-1 statutory sentencing ratio for cocaine powder and crack offenses denies them equal protection because of its disparate impact on black defendants. The district court denied the motions and sentenced Aland Hall and Andre Hall each to 150 months imprisonment, five years of supervised release, and a special assessment of $50.
 
 
 2
 The Defendants appeal their sentences, arguing only that the 100-to-1 statutory sentencing ratio for cocaine and crack offenses violates the Equal Protection Clause of the Fifth Amendment because of its disparate impact on black defendants. This claim has been considered and rejected before, United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.), cert. denied, --- U.S. # 6D6D 6D# , 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923), and we decline the Halls' invitation to reconsider this issue. We therefore affirm Aland Hall's and Andre Hall's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.